Mendoza-Mira v. Garland

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of July, two thousand twenty-one.

Present:     AMALYA L. KEARSE,
             JOSÉ A. CABRANES,
             ROSEMARY S. POOLER,

                             *Circuit Judges.*
_____

SONIA MENDOZA-MIRA,

                             *Petitioner,*

                   - v. -                              No. 18-3736

MERRICK B. GARLAND, United States Attorney General[*],

*Respondent.*

_____

For Petitioner: H. RAYMOND FASANO, New York, NY (Youman, Madeo & Fasano, New York, NY, on the brief), *for Petitioner*.

For Respondent: NELLE M. SEYMOUR, Trial Att'y, Off. of Immig. Litig., U.S. Dep't of Justice, Washington, DC (Joseph H. Hunt, Ass't Att'y Gen., Civ. Div., Claire L. Workman, Senior Litig. Counsel, Off. of Immig. Litig., U.S. Dep't of Justice, Washington, DC, on the brief), *for Respondent*.

Petition for review of a November 21, 2018 order of the Board of Immigration Appeals.

This cause came on to be heard on the record from the Board of Immigration Appeals and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the petition for review is denied.

Petitioner Sonia Mendoza-Mira, a native and citizen of El Salvador, seeks review of a decision of the Board of Immigration Appeals ("BIA" or "Board"), *see In re Sonia Mendoza-Mira*, No. A 206 367 044 (B.I.A. Nov. 21, 2018) ("BIA Decision"), affirming the decision of the Immigration Judge ("IJ"), No. A 206 367 044 (Immig. Ct. N.Y. City July 27, 2017), denying her petition for asylum, withholding of removal, and protection under the

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted for former Attorney General William P. Barr as Respondent in this case.

Convention Against Torture. Mendoza-Mira sought such relief on the ground that she had suffered past persecution on account of her political opinion, in the form of threats and physical abuse from members of Partido Alianza Republicana Nacionalista ("ARENA"), a rival of Partido De La Esperanza, the political party of which she was a member and an employee. She contends principally that substantial evidence does not support the Board's finding that she did not establish that the harm inflicted on her amounted to persecution. For the reasons that follow, we reject her contentions. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA has accepted the decision of the IJ only in part, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Department of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). In so doing, we review factual findings for substantial evidence, and we review questions of law and applications of law to fact *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, does not define persecution. The BIA has defined persecution as "either a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive," and has stated that "[t]he harm or suffering inflicted could consist of confinement or torture." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985) ("*Acosta*"), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987). This Court has described persecution as "the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Ivanishvili v. U.S. Department of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) ("*Ivanishvili*"); *see, e.g., Beskovic v. Gonzales*, 467 F.3d 223, 225-26 (2d Cir. 2006) ("*Beskovic*").

Although persecution is not limited to threats to life or freedom, and may consist of "non-life[-]threatening violence and physical abuse," *Tian-Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004) ("*Chen*") (internal quotation marks omitted), it does not encompass all of the treatment that society regards as unjust, unlawful, or even unconstitutional, *see, e.g., Ivanishvili*, 433 F.3d at 341. To constitute persecution in the asylum context, the adverse "conduct must rise above mere harassment." *Chen*, 359 F.3d at 128 (internal quotation marks omitted); *see, e.g., Beskovic*, 467 F.3d at 225-26. "[T]he difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis." *Ivanishvili*, 433 F.3d at 341. In so deciding,

the BIA and individual IJs must . . . . be sensitive to the fact that even mistreatment that, in other contexts, could fairly be characterized as "the mere annoyance and distress" of harassment, *Ivanishvili*, 433 F.3d at 342, can take on an entirely different character when officially inflicted on an individual while detained on account of protected grounds.

*Beskovic*, 467 F.3d at 226. "[A] 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id*. Such mistreatment may also constitute persecution if inflicted by persons or an organization that the government is unwilling or unable to control. *See*, *e.g.*, *Ivanishvili*, 433 F.3d at 342; *Acosta*, 19 I. & N. Dec. at 222. On the other hand, physical harm inflicted by other persons or groups, without resulting in serious or lasting injury, may not amount to persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011). And in assessing whether mistreatment reaches the level of persecution, the IJ and the BIA must not only consider each event of harm but must consider their significance cumulatively. *See*, *e.g.*, *Manzur v. U.S. Department of Homeland Security*, 494 F.3d 281, 290 (2d Cir. 2007). In other words, while "the difference between harassment and persecution is necessarily one of degree," *Ivanishvili*, 433 F.3d at 341, "the degree must be assessed with regard to the *context* in which the mistreatment occur[red]," *Beskovic*, 467 F.3d at 226 (emphasis in original).

In the present case, Mendoza-Mira stated that she received threatening phone calls from ARENA members from March through October 2013; and she described two instances in which she was physically harmed. In the first in-person incident, in June 2013, she was threatened by several ARENA members with a gun and was beaten; but although she says she was kicked and beaten for some 15 minutes and suffered back pain and bruises, she did not require medical attention.

In the second incident, which occurred on October 11, 2013, three-to-four ARENA members entered a flower shop after it had hosted an artistic workshop; Mendoza-Mira was there alone and was cleaning up. From her description of what the ARENA members did and did not do, it is hardly clear that on that occasion they intended to harm her rather than merely to harass her. Mendoza-Mira did not say that any of them spoke or that anyone displayed a weapon. Plainly they meant to cause annoyance and

harassment, for they came in and yanked an electrical cord that was attached to a pot. But when that resulted in the pot's falling and spilling hot paraffin on Mendoza-Mira's foot, they ran away. And although Mendoza-Mira said the threatening phone calls from ARENA members continued thereafter, they did not mention the flower shop incident until 18 days later.

The BIA adequately considered all of the events that Mendoza-Mira described, as well as the circumstances in which they occurred. It found that her "two instances of physical harm, combined with various telephonic threats," neither of which occurred in the context of custodial detention or resulted in lasting injury, did not rise to the level of persecution. BIA Decision at 2. Our review of the record persuades us that there was substantial evidence to support that finding.

Mendoza-Mira also argues that the BIA erred in finding that she failed to show a nexus between ARENA's physical abuse and her political views. This contention is not properly before us because the BIA neither made a lack-of-nexus finding nor addressed that finding by the IJ. In any event, the BIA's finding that Mendoza-Mira did not establish that the past events she experienced constituted persecution was a dispositive basis for the denial of her requests for relief from removal.

We have considered all of Mendoza-Mira's contentions that are properly before us and have found in them no merit. The petition for review is denied.

FOR THE COURT
CATHERINE O'HAGAN WOLFE, Clerk of Court